**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

FRANK RIZZO,                           :
                                       :   Civil Action No. 05-1843 (JBS)
          Petitioner,                  :
                                       :
     v.                                :   **OPINION**
                                       :
FEDERAL BUREAU OF PRISONS,             :
et al.,                                :
          Respondents.                 :

**APPEARANCES:**

Petitioner pro se:                     Counsel for Respondents:
Frank Rizzo                            Irene E. Dowdy
#50639-054                             Asst. U.S. Attorney
FCI Fort Dix                           402 East State Street
P.O. Box 1000                          Room 430
Fort Dix, NJ 08640                     Trenton, NJ 08608

**SIMANDLE**, District Judge

     Petitioner Frank Rizzo, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND

Petitioner pleaded guilty, in the U.S. District Court for the Southern District of New York, to conspiracy to commit fraud and bribery, bribery, money laundering, and tax evasion.  On August 14, 2003, he was sentenced to a term of imprisonment of 41 months, to be followed by three years of supervised release.  On October 3, 2003, Petitioner self-surrendered to officials at the Federal Correctional Institution at Fort Dix, New Jersey, where he remains confined.

Prison officials have advised Petitioner that he has a projected release date of September 22, 2006.  He has been advised that his pre-release preparation date, or the first date he will be considered for pre-release transfer to a Community Corrections Center pursuant to 18 U.S.C. § 3624(c), is June 7, 2006.

Petitioner alleges that the June 7, 2006, pre-release preparation date is based upon a December 2002 Bureau of Prisons policy which interprets governing statutes to prohibit placement in a Community Corrections Center before the last ten percent of a prisoner's term of imprisonment, not to exceed six months.  See 18 U.S.C. §§ 3621(b) and 3624(c).  Petitioner contends that the Bureau of Prisons' interpretation of the governing statutes, as reflected in the December 2002 policy, is incorrect and that he is entitled to be considered for pre-release transfer to a CCC

pursuant to the BOP's previous policy, which would have permitted consideration for pre-release transfer up to six months before the anticipated release date.

In lieu of an Answer, Respondents sought and obtained leave to file a Motion to Dismiss, which was filed on June 7, 2005. Respondents asked this Court to dismiss the Petition as moot because the December 2002 policy was no longer in effect and because Petitioner had not challenged new regulations governing pre-release transfer to Community Corrections Centers, which became effective on February 14, 2005.  See 28 C.F.R. §§ 570.20, 570.21, 70 Fed.Reg. 1659, 1663 (Jan. 10, 2005).

Petitioner has failed to file any opposition to Respondents' Motion to Dismiss.  Nor has he sought leave to amend the Petition to assert a claim challenging the new regulations.  Accordingly, this matter is ripe for determination.

## II.  ANALYSIS

This Court has previously held that the BOP December 2002 policy is invalid.  See Miranda v. Miner, 04-cv-2590 (JBS).  It is apparent, however, that the December 2002 policy will not govern the pre-release planning for Petitioner, who was already confined on February 14, 2005, the effective date of the new BOP regulations.  See 70 Fed.Reg. 1659 (Jan. 10, 2005).

As Petitioner challenges only a policy that is no longer in effect, and does not challenge the policy that will govern his

pre-release planning, Petitioner's claims are moot and the Petition must be dismissed.

This Court expresses no opinion on the validity of the new regulations at 28 C.F.R. §§ 570.20 and 570.21 or their application to Petitioner.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot.  An appropriate order follows.

       **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  August 23, 2005